IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLIE JOE TURNER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIV. A. NO. 26-00341-JB-N |
| STATE OF ALABAMA, *et al*., | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Billie Joe Turner, who is currently incarcerated at the Escambia County Jail, filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983 (Doc. 1), along with a subsequent complaint (Doc. 2). Plaintiff appears to assert allegations against defendants for malicious prosecution, after he was incarcerated in early 2023 on charges for which he was found not guilty of in late 2025, and conditions of his confinement at the Mobile County Metro Jail while he was awaiting trial for nearly three years. Neither of the complaints, however, are on the form required by this Court for prisoner actions under § 1983. Also, at the time Plaintiff filed his complaint(s), he did not pay the statutory filing fee of $405, nor did he file a motion to proceed without the prepayment of fees.

Accordingly, Plaintiff is **ORDERED** to re-file his complaint on the form required by this Court by **October 26, 2026**. Plaintiff is further **ORDERED** to pay the $405 filing fee or file a conforming motion to proceed without prepayment of fees by **October 26, 2026.** Plaintiff's motion to proceed without prepayment of fees shall be signed by a prison official and shall include a financial statement containing all transactions in his prisoner account for the six (6) months immediately preceding the date of the filing of his complaint.

Additionally, the Court notes that Plaintiff requests release from his current

incarceration at the Escambia County Jail. (Doc. 2, PageID.17). Plaintiff maintains that while he was wrongfully jailed awaiting trial for the charges in Mobile County, Alabama (for which he was later found not guilty), he missed court in Escambia County, Alabama, leading to "failure to appear" charges being brought against him in Escambia County, AL. (*Id.*). Plaintiff contends he is "still locked up in Escambia County, Alabama jail" for charges that "another Defendant has plead guilty to," and he asks to be released from the Escambia County Jail. (*Id.*). Because Plaintiff seeks release from his current imprisonment as a pretrial detainee, his sole remedy to bring this claim(s) is through a federal habeas petition, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), specifically under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam).

If Plaintiff wants to proceed with his § 1983 complaint for damages and file a habeas petition requesting release from custody, he must proceed in two separate cases and must pay two separate filing fees.

If Plaintiff decides to bring a § 2241 habeas petition, he will be the petitioner, and the petition must name the state officer who has custody of him as the respondent. The state officer who has custody of the petitioner is the person who will respond to the petition.[1] *See* Rules Governing § 2254 Cases, R. 2(a). The filing fee for a habeas petition is $5. 28 U.S.C. § 1914(a). In lieu of paying the $5 filing fee, a habeas petitioner may complete and file this Court's form for a motion to proceed without prepayment of fees. Importantly, for a habeas petition to be properly before this Court, the petitioner must have exhausted his state court remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). "State remedies are ordinarily not

---

[1] If Turner had been convicted and sentenced, he would be required to seek habeas relief under 28 U.S.C. § 2254. *See Stacey*, 854 F.2d at 403 n.1.

considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure." *Manuel v. Alabama*, Civ. Act. No. 2:12cv659-TMH, 2012 WL 5378220, at *1 (M.D. Ala. Oct. 1, 2012), *report and recommendation adopted*, 2012 WL 5349983 (M.D. Ala. Oct. 30, 2012). Typically, to exhaust his state court remedies, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Plaintiff is hereby **ORDERED** to re-file his complaint on the form required by this Court by **October 26, 2026**. Plaintiff is further **ORDERED** to pay the $405 filing fee or file a conforming motion to proceed without prepayment of fees by **October 26, 2026.**

Plaintiff is cautioned that failure to comply with this order within the prescribed time or to advise the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's Order.

The Clerk is **DIRECTED** to send to Plaintiff the form complaint for prisoner actions under 42 U.S.C. § 1983, the form for a motion to proceed without prepayment of fees and a copy his initial complaints (Docs. 1 and 2) to aid in drafting his amended complaint. The Clerk is further **DIRECTED** to send to Plaintiff the § 2241 habeas form, along with a form motion to proceed without prepayment of fees.

**DONE** and **ORDERED** the **24th** day of **September, 2026.**

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PRO SE PRISONER PLAINTIFF**

IF Plaintiff is granted leave to proceed without prepayment of fees, he will still be obligated to pay the full filing fee to the Court. The granting of an IFP motion allows a plaintiff to file a complaint without paying the full fee upfront – but a plaintiff is required to pay the entire filing fee, overtime, in installments. *See* 28 U.S.C. § 1915(b). These installment payments will be deducted (automatically taken) from Plaintiff's inmate account each time the account exceeds $10.

Plaintiff's complaint will be reviewed or screened by the Court and will be dismissed, **before** being served on the defendant(s), **if** it is determined to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A. If Plaintiff's complaint is dismissed for any of these reasons, he will still be obligated to pay the remaining amount of the filing fee that is still owed.

IF a plaintiff's complaint is dismissed as frivolous, malicious, or for failure to state a claim, it will count as a "strike" against him. If a prisoner files three meritless suits in federal court, or gets 3-strikes against him, he cannot proceed *in forma pauperis* in any future civil case filed in federal court. That is, the plaintiff will be required to pay the court's full filing fee before he is allowed to file another civil action in federal court. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (A prisoner with three-strikes against him "must pay the full filing fee at the time he initiates suit" unless he meets the sole exception of 28 U.S.C. § 1915(g)).